MDR

1
2
3
4
5
6       **IN THE UNITED STATES DISTRICT COURT**
7       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
8

9   Christopher J. Martinez,            )   No. CV 1-08-875-NVW
                                        )
10              Plaintiff,              )   **ORDER**
                                        )
11   vs.                                )
                                        )
12   Correctional Officer A. Smith, et al.,   )
                                        )
13              Defendants.             )
    ────────────────────────────────────)
14

15          Plaintiff Christopher J. Martinez, who is confined in the Salinas Valley State Prison
16   in Soledad, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983
17   (Doc. #1).  This case was reassigned to the undersigned judge on November 25, 2008.  The
18   Court will order Defendants Smith, Alvarado, Gould, and Erwin to answer the Eighth
19   Amendment claims against them and will dismiss Defendants Bubbel and CCI Medical Staff
20   without prejudice.

21   **I.     Statutory Screening of Prisoner Complaints**

22          The Court is required to screen complaints brought by prisoners seeking relief against
23   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
24   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
25   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
26   be granted, or that seek monetary relief from a defendant who is immune from such relief.
27   28 U.S.C. § 1915A(b)(1), (2).

28

JDDL

1

**II.    Complaint**

2    In his Complaint, Plaintiff sues the following Defendants, all of whom are employed

3    at the California Department of Corrections and Rehabilitation's California Correctional

4    Institution (CCI): Correctional Officers A. Smith, J. Alvarado, M. Gould, and J. Erwin;

5    Medical Technical Assistant M. Bubbel; and the CCI Medical Staff.

6    Plaintiff alleges that while he was in his cell, he was instructed to submit to restraints,

7    informed the correctional officers that he had a broken bone in his right wrist and requested

8    that they take that into consideration when they applied the handcuffs, and then placed his

9    hands through the food port so that he could be handcuffed.  Plaintiff claims that after his left

10   hand was yanked and placed into restraints, his right wrist was forcibly yanked and twisted,

11   causing him to flinch.  He asserts that Defendant Alvardo then pulled Plaintiff's left arm

12   through the food port, applying downward pressure in an effort to break Plaintiff's arm,

13   while Defendant Smith emptied the entire contents of his "MK9 Streamer" into the food port.

14   Plaintiff claims Defendant Erwin then informed the other correctional officers that Plaintiff's

15   arms were accessible and that Plaintiff should be cuffed.  Defendant Gould rejected that

16   suggestion and sprayed Plaintiff with his "MK9 Fogger."  Plaintiff claims that, during this

17   time, both of his arms were being "manipulated [and] pulled in order to cause the

18   unnecessary [and] wanton infliction of pain."  Plaintiff further alleges that Defendant Erwin

19   was aware of Plaintiff's wrist injury and should have informed Defendants Alvarado and

20   Smith that precautions should be taken.

21   Plaintiff claims that Defendant Bubbel interviewed Plaintiff after the incident,

22   documented that "O.C. spray"[1] was utilized, but "neglected" to note where on Plaintiff's

23   body the spray was evident.  Defendant Bubbel also noted that no injuries were apparent

24   despite redness and bruising on Plaintiff's left arm and Plaintiff's complaints of excruciating

25   wrist pain.  Plaintiff alleges that Defendant Medical Staff acted with deliberate indifference

26   and failed to provide treatment for his wrist injury.

27   _____

28   [1]"O.C. Spray" is also know as "Oleoresin Capsicum Spray" or pepper spray.
Presumably, the MK9 Streamer and MK9 Fogger contained pepper spray.

1       Plaintiff claims that Defendant's conduct violated the Eighth Amendment prohibition

2   against cruel and unusual punishment.  He seeks monetary damages and seeks disciplinary

3   action to be taken against the correctional officers.

4   **III.    Failure to State a Claim**

5       Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519,

6   520-21 (1972), conclusory and vague allegations will not support a cause of action.  <u>Ivey v.</u>

7   <u>Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

8   a liberal interpretation of a civil rights complaint may not supply essential elements of the

9   claim that were not initially pled.  <u>Id</u>.

10      **A.    Defendant CCI Medical Staff**

11      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific

12  injury as a result of specific conduct of a defendant, and show an affirmative link between

13  the injury and the conduct of that defendant.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377

14  (1976).

15      Plaintiff has not alleged specific conduct by any member of the CCI Medical Staff;

16  he has proffered only vague and conclusory allegations that the CCI Medical Staff

17  collectively violated his constitutional rights.  This is insufficient.  Plaintiff must identify

18  specific members of the CCI Medical Staff whose actions caused his injuries.  Because

19  Plaintiff has not done so, the Court will dismiss Defendant CCI Medical Staff, without

20  prejudice.

21      **B.    Defendant Bubbel**

22      To state a claim under the Eighth Amendment, plaintiffs must meet a two-part test.

23  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the

24  official's act or omission must result in the denial of "the minimal civilized measure of life's

25  necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Second, the prison official must

26  have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to

27  inmate health or safety. <u>Id</u>.  In defining "deliberate indifference" in this context, the Supreme

28  Court has imposed a subjective test: "the official must both be aware of facts from which the

1    inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw

2    the inference." <u>Id.</u> at 837 (emphasis added).  Deliberate indifference in the medical context

3    may be shown by a purposeful act or failure to respond to a prisoner's pain or possible

4    medical need and harm caused by the indifference.  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th

5    Cir. 2006).

6         Deliberate indifference is a higher standard than negligence or lack of ordinary due

7    care for the prisoner's safety.  <u>Id.</u> at 835.  "Neither negligence nor gross negligence will

8    constitute deliberate indifference." <u>Clement v. California Dep't of Corrections</u>, 220 F. Supp.

9    2d 1098, 1105 (N.D. Cal. 2002).

10        Plaintiff alleges only that Defendant Bubbel failed to note where on Plaintiff's body

11   the pepper spray was evident and failed to note Plaintiff's injuries.  These allegations

12   suggest, at most, negligence.  Moreover, Plaintiff has failed to indicate how he was harmed

13   or injured by Defendant Bubbel's omissions.  Plaintiff's allegations against Defendant

14   Bubbel are insufficient to state a claim of deliberate indifference.  The Court will dismiss

15   Defendant Bubbel, without prejudice.

16   **IV.    Claims for Which an Answer Will be Required**

17        Liberally construed, Plaintiff has stated Eighth Amendment claims against Defendants

18   Smith, Alvarado, Gould, and Erwin.  The Court will require them to answer the Complaint.

19   **V.    Warnings**

20        **A.    Address Changes**

21        Plaintiff must file and serve a notice of a change of address in accordance with Rule

22   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

23   a motion for other relief with a notice of change of address.  Failure to comply may result in

24   dismissal of this action.

25        **B.    Copies**

26        Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

27   LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

28   notice to Plaintiff.

1      **C.      Possible Dismissal**

2          If Plaintiff fails to timely comply with every provision of this Order, including these

3  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,

4  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5  comply with any order of the Court).

6  **IT IS ORDERED:**

7          (1)      Defendants Bubbel and CCI Medical Staff are **dismissed** without prejudice.

8          (2)      Defendants Smith, Alvarado, Gould, and Erwin must answer the Eighth

9  Amendment claims against them in the Complaint.

10         (3)      The Clerk of Court must send Plaintiff a service packet including the

11  Complaint (Doc. #1), this Order, a Notice of Submission of Documents form, an instruction

12  sheet, and copies of summons and USM-285 forms for Defendants Smith, Alvarado, Gould,

13  and Erwin.

14         (4)      Within **30 days** of the date of filing of this Order, Plaintiff must complete and

15  return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit

16  with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,

17  a copy of this Order for each Defendant, a completed summons for each Defendant, and a

18  completed USM-285 for each Defendant.

19         (5)      Plaintiff must not attempt service on Defendants and must not request waiver

20  of service.  Once the Clerk of Court has received the Notice of Submission of Documents and

21  the required documents, the Court will direct the United States Marshal to seek waiver of

22  service from each Defendant or serve each Defendant.

23  . . . .

24  . . . .

25  . . . .

26  . . . .

27  . . . .

28  . . . .

1    (6)    **If Plaintiff fails to return the Notice of Submission of Documents and the**

2    **required documents within 30 days of the date of filing of this Order, the Clerk of Court**

3    **must, without further notice, enter a judgment of dismissal of this action without**

4    **prejudice.**  See **Fed. R. Civ. P. 41(b).**

5    DATED this 15th day of January, 2009.

6

7

8    _____

9    Neil V. Wake
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28