MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher J. Martinez,  Plaintiff, vs. Correctional Officer A. Smith, et al., Defendants. | No. CV 1-08-875-NVW  **ORDER** |

## I. Background

Plaintiff Christopher J. Martinez, who is confined in the Salinas Valley State Prison in Soledad, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In a January 15, 2009 Order, the Court ordered Defendants Smith, Alvarado, Gould, and Erwin to answer the Eighth Amendment claims against them and dismissed without prejudice Defendants Bubbel and CCI Medical Staff. The Court gave Plaintiff 30 days to complete and return to the Clerk of Court a Notice of Submission of Documents and submit with the Notice a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

On February 20, 2009, Plaintiff filed a Notice of Submission of Documents. In a February 25, 2005 Order, the Court directed the United States Marshal to serve the Complaint on Defendants and ordered Defendants to answer the Complaint.

JDDL

On May 12, 2009, Defendants filed their Answer. On May 14, 2009, the Court issued a Discovery and Scheduling Order which, among other things, set a June 15, 2009 deadline to amend pleadings and a July 14, 2009 deadline for filing unenumerated Rule 12(b) motions.

On June 16, 2009, Plaintiff filed an "Inquiry Regarding Status of First Amended Complaint" (Doc. #14). Attached to the Inquiry is a First Amended Complaint, which the the Clerk of Court lodged as Document #15. On July 1, 2009, Defendants filed an "Objection to Plaintiff's Motion to Amend the Complaint" (Doc. #16), construing Plaintiff's Inquiry as a motion to amend the Complaint. On July 13, 2009, Plaintiff filed a Response (Doc. #17).

## II.   Inquiry/Motion to Amend

In his "Inquiry Regarding Status of First Amended Complaint," Plaintiff alleged that he submitted a First Amended Complaint with his Notice of Submission of Documents and that the First Amended Complaint added two new, specific medical personnel defendants. Plaintiff included with the Inquiry a copy of the First Amended Complaint and stated that, in light of the Court's Discovery and Scheduling Order, he was unsure whether the two new defendants would be included in the lawsuit.

In their "Objection to Plaintiff's Motion to Amend the Complaint," Defendants construe Plaintiff's Inquiry as a motion to amend the Complaint. Defendants claim that the motion to amend is untimely and that the new defendants would be prejudiced if Plaintiff was granted leave to amend. Defendants argue that the new defendants would be prejudiced because the deadline for filing unenumerated 12(b) motions would have passed and, therefore, the new defendants would not have an opportunity to dispose of this action based on that defense, if Plaintiff had failed to exhaust his administrative remedies against the new defendants.

In his Response to Defendants' Objection, Plaintiff states that the Amended Complaint was timely submitted when Plaintiff filed his Notice of Submission of Documents, well before the Court imposed the deadline for amending the Complaint.

The Court will construe the Inquiry as a Motion for Leave to Amend Complaint and will grant it. Defendants' opposition to the motion for leave to amend is without merit.

First, even if the First Amended Complaint was not lodged until June 16, 2009,[1] it was still timely filed. Under the "prison mailbox rule," a complaint is deemed "filed" when delivered by the prisoner to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Faile v. Upjohn Co., 988 F.2d 985, 988-89 (9th Cir. 1993), disapproved of on other grounds, McDowell v. Calderon, 197 F.3d 1253 (9th Cir. 1999). The Inquiry was signed on June 11, 2009, and Plaintiff's Proof of Service by Mail indicates that he placed the Inquiry and First Amended Complaint "in a deposit box so provided at Salinas Valley State Prison" on June 11, 2009. Thus, the Inquiry was deemed filed several days **before** the June 15th deadline for amending the pleadings.

Second, there is no prejudice to the new defendants. Defendants have failed to explain why the deadline for filing unenumerated Rule 12(b)(6) motions would apply to new defendants who had not yet been ordered to answer the First Amended Complaint when the deadline passed.[2] A new deadline can be set for any new defendants who are ordered to answer the First Amended Complaint.

The court will grant the motion for leave to amend the Complaint and will direct the Clerk of Court to file the lodged First Amended Complaint.

---

[1] It appears that Plaintiff may indeed have attempted to file the First Amended Complaint when he filed his Notice of Submission of Documents. The Court notes that the Notice of Submission of Documents indicates that Plaintiff submitted an amended complaint. In addition, the portion of the lodged First Amended Complaint that adds the new claim against the new defendants was signed on June 11, 2009, the same day Plaintiff signed the Notice of Submission of Documents.

[2] In their Answer, Defendants admit, at least to the allegations against them in the original Complaint, "that Plaintiff has filed a grievance pertaining to this action, that Plaintiff exhausted that grievance. . . , and that the grievance was denied at the Director's Level review.

JDDL — 3 —

**III.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**IV.   First Amended Complaint**

In his two-count First Amended Complaint, Plaintiff sues the following Defendants, all of whom are employed at the California Department of Corrections and Rehabilitation's California Correctional Institution (CCI): Correctional Officers A. Smith, J. Alvarado, M. Gould, and J. Erwin; Medical Technical Assistant M. Bubbel; the CCI Medical Staff; Chief Medical Officer Dr. Harold Tate; and F.N.P.C. J. McConnell.

**A.   Count One**

Count One of the First Amended Complaint is identical to the allegations in the original Complaint. Thus, as stated in the Court's January 15, 2009 Order, Plaintiff has stated Eighth Amendment claims against Defendants Smith, Alvarado, Gould, and Erwin, and has failed to state a claim against Defendants Bubbel and CCI Medical Staff.

**B.   Count Two**

In Count Two, Plaintiff claims that he was subjected to deliberate indifference in violation of the Eighth Amendment because he sought medical care for his injured wrist and, "[a]s a form of reprisal & retaliation, prison officials instructed/ordered the medical staff to purposely deny Plaintiff's concerns & request for treatment."

Plaintiff alleges that he had a second x-ray that showed little or no change as to the healing of his wrist. Thereafter, Defendant McConnell told Plaintiff that she was submitting a referral for Plaintiff to be seen by a orthopedic specialist but it "likely wouldn't happen" because "that's how they 'get back' at inmates who assault staff! They don't want us to help you!"

1    Plaintiff also states that a doctor ordered Plaintiff to receive an MRI, blood tests, an
2 EMG, and nerve conduction tests, but the tests were never performed. After Plaintiff filed
3 grievances regarding the lack of treatment, he met with Defendant Tate, who was the Chief
4 Medical Officer and who allegedly stated: "[Plaintiff] would receive no medical treatment
5 at this institution"; "what do you expect after you tussle with staff?"; and "for the duration
6 of your time at this institution[,] nothing further will be done for you by medical staff! Think
7 about that next time you decide to assault staff!"

### 1. Defendant McConnell

9    Not every claim by a prisoner that he has received inadequate medical treatment states
10 a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show
11 that the defendants acted with "deliberate indifference to serious medical needs." Jett v.
12 Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104
13 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure
14 to treat the condition could result in further significant injury or the unnecessary and wanton
15 infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d
16 at 1096 (quotations omitted).

17    To act with deliberate indifference, a prison official must both know of and disregard
18 an excessive risk to inmate health; the official must both be aware of facts from which the
19 inference could be drawn that a substantial risk of serious harm exists and he must also draw
20 the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the
21 medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
22 or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
23 Deliberate indifference may also be shown when a prison official intentionally denies,
24 delays, or interferes with medical treatment or by the way prison doctors respond to the
25 prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

26    Plaintiff's allegations against Defendant McConnell—that she submitted a referral for
27 Plaintiff to be seen by an orthopedic specialist but indicated that it likely would not happen
28 because "others" did not want her to help Plaintiff—are insufficient to state a claim of

deliberate indifference by Defendant McConnell. The Court, therefore, will dismiss without prejudice Defendant McConnell.

### 2. Defendant Tate

Liberally construed, Plaintiff has stated an Eighth Amendment, deliberate indifference claim against Defendant Tate. The Court will require Defendant Tate to answer Count Two.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**IT IS ORDERED:**

(1) Plaintiff's Inquiry Regarding Status of First Amended Complaint (Doc. #14), which the Court construes as a motion for leave to amend the complaint, is **granted**.

(2) The Clerk of Court shall **file** the lodged First Amended Complaint (Doc. #15).

(3) Defendants Bubbel, CCI Medical Staff, and McConnell are **dismissed** without prejudice.

(4) Defendants **Smith, Alvarado, Gould, and Erwin** must **answer** the Eighth Amendment claims against them in the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (lodged as Doc. #15), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for **Defendant Tate**.

(6) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for Defendant Tate, a copy of this Order for Defendant Tate, a completed summons for Defendant Tate, and a completed USM-285 for Defendant Tate.

(7) Plaintiff must not attempt service on Defendant Tate and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from Defendant Tate or serve Defendant Tate.

DATED this 14th day of August, 2009.

_____
Neil V. Wake
United States District Judge