IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| Christopher J. Martinez, | ) | No. CV 08-0875-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Correctional Officer A. Smith, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion Requesting Order to Compel Discovery (doc. #37) and Defendants' Opposition (doc. #38). Because the motion is procedurally inadequate but may be cured by complying with the rules described below, the motion is denied without prejudice.

Fed. R. Civ. P. 37(a) provides that any party "upon notice" may apply for an order compelling discovery. A motion made pursuant to Fed. R. Civ. P. 37 shall not be heard unless "(1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a joint statement re discovery disagreement." E.D. Cal. R. 37-251(b).

Plaintiff alleges that on October 26, 2009, he made contact with Defendants' counsel to meet and confer regarding what Plaintiff perceived to be Defendants' inadequate discovery responses. Defendants' counsel admits that she did not respond to

1 Plaintiff's letter because discovery had closed and the deadline to file a motion to compel
2 had passed. However, on January 7, 2010, the Court issued a Discovery and Scheduling
3 Order resetting the deadline to complete discovery and file motions to compel for July 23,
4 2010. It appears that since then the parties have not met and conferred regarding this
5 discovery dispute.

6       The local rules specifically require the parties to meet and confer to attempt to
7 resolve their differences. E.D. Cal. R. 37-251(b). The parties must set forth their
8 differences in "a *Joint* Statement re Discovery Disagreement." *Id*. (emphasis added).
9 Then, if the moving party is still dissatisfied after the conference, "that party shall draft,
10 *with the participation of the other interested parties*, and shall file a document entitled
11 'Joint Statement re Discovery Disagreement.'" E.D. Cal. R. 37-251(c) (emphasis added).
12 "*All parties* who are concerned with the discovery motion shall assist in the preparation
13 of, and shall sign, the Joint Statement . . . ." *Id.* (emphasis added). The joint statement
14 must specify: (1) the details of the conference; (2) a statement of the nature of the case
15 and its factual disputes to the extent it is pertinent to the matters to be decided; and (3) the
16 contentions of each party as to each contested issue, reproducing in full each specific
17 interrogatory, deposition question or other item objected to, and the respective arguments
18 and supporting authorities of the parties. *Id*.

19       If the moving party is unable, after a good faith effort, to secure the cooperation of
20 counsel for the opposing party in arranging the conference or in preparing the joint
21 statement, the moving party may then file and serve an affidavit so stating. E.D. Cal. R.
22 37-251(d). In that affidavit, the moving party must set forth the nature and extent of his
23 efforts to arrange the conference, the issues to be determined, and the moving party's
24 contentions with regards to those issues. *Id*. The moving party should reproduce in full
25 each specific interrogatory or other item objected to, and should state, with specificity, its
26 respective arguments. *See id*. "*Refusal of any counsel to participate in a discovery*
27 *conference, or refusal without good cause to execute the required joint statement, shall be*
28

*grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel."* Id. (emphasis added).

The only relevant exception to these requirements is that the joint statement re discovery need not be submitted when there has been a complete and total failure to respond to a discovery request. E.D. Cal. R. 37-251(e). This exception, however, does not apply here, as Defendants have apparently provided some responses to Plaintiff's discovery requests, but it seems that Plaintiff is unsatisfied with Defendants' responses.

Defendants' counsel must meet and confer with Plaintiff in an attempt to resolve this discovery dispute. If the parties are unable to reach an agreement after conferring, they may file a joint statement regarding their disagreement, as provided by the local rules. If Plaintiff is unable, after a good faith effort, to secure the cooperation of Defendants' counsel, then Plaintiff may file and serve an affidavit so stating, reproducing in full each specific interrogatory or request that Defendants allegedly did not provide an adequate response to. Plaintiff should also provide the Court with Defendants' responses or a summary of those responses. Plaintiff should explain why each response is inadequate, and provide supporting authorities, if any. The parties should note that refusal to participate in a discovery conference may result in sanctions. *See* E.D. Cal. R. 37-251(d).

IT IS THEREFORE ORDERED that Plaintiff's Motion Requesting Order to Compel Discovery (doc. #37) is denied without prejudice.

DATED this 25th day of February, 2010.

_____
Neil V. Wake
United States District Judge